# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LUKE ANTHONY HIGHTOWER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-399-HEA |
| JEFFREY B. JENSEN, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Luke Anthony Hightower, a prisoner, for leave to commence this civil action without prepaying fees or costs. The motion will be granted, and plaintiff will be required to pay an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement in support of the motion. Given the information plaintiff has provided about his finances, the Court has determined to assess an initial partial filing fee of $1.00.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint on the form used for prisoners to bring civil rights actions pursuant to 42 U.S.C. § 1983. He has named three federal officials as defendants: United States Attorney Jeffrey B. Jensen, Assistant United States Attorney James Redd, and United States Magistrate Judge Noelle C. Collins. He sues the defendants in their official and individual capacities. Because these defendants are federal officials, the Court construes the action as one brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Plaintiff is currently a defendant in criminal proceedings that are pending in this United States District Court. *See United States v. Luke Hightower*, 4:19-cr-851-SRC-DDN (E.D. Mo. 2019). He is charged with being a felon in possession of a firearm. Redd is the Assistant United States Attorney who is currently representing the government, and Judge Collins presided over plaintiff's October 17, 2019 initial appearance hearing. Jensen currently serves as the United States Attorney for this United States District Court.

In the complaint, plaintiff alleges he was "arrested and detained wrongfully, by St. Louis County police being charged with unlawful possession of a firearm" on or about August 21, 2019. (ECF No. 1 at 3). He alleges that Redd "went before a Grand Jury seeking to punish Luke Hightower in Federal courts, violating my second, fourth, fifth and tenth amendment rights." *Id.* He alleges that on October 17, 2019, Judge Collins "allowed the process to proceed, knowing the federal courts lack[] jurisdiction, in my case this did not occur on federal grounds." *Id.* at 5.

Plaintiff characterizes Redd and Judge Collins's acts as an "abuse of authority," and he claims he has suffered the loss of his freedom and employment, and mental anguish, stress, depression and insomnia. *Id.* at 5.

As relief, plaintiff states he wants his "Constitutional rights restored" and "each individual to be held accountable for their own action." *Id.* at 6. He also writes: "I need the property of Rebecca Hightower returned to her or to be compensated for her lost [*sic*]." *Id.*

In a document attached to the complaint, plaintiff avers the Court lacks jurisdiction over him. He writes: "I am not and will not take responsibility for the strawman the government has named in the Court of the United States and the United States of America being the Plaintiff, being the United States is not a living entity and cannot be put on the stand for cross-examination." (ECF No. 1-1 at 3). Plaintiff avers he is "shielded from criminal prosecution under the UCC," and he states he reserves his right to not be compelled to perform under any contract or commercial agreement. *Id.*

**Discussion**

The complaint will be dismissed. Plaintiff appears to claim that there are infirmities in the federal criminal proceedings. However, such claims are not cognizable in a *Bivens* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Construing the instant complaint as a federal habeas petition would not be helpful to plaintiff. It appears plaintiff seeks a ruling that would effectively dispose of the pending federal criminal proceedings, and there is no indication he has exhausted available remedies as to any such claim. *See Moore v. U.S.*, 875 F. Supp. 620 (D. Neb. Dec. 7, 1994) (where habeas claims raised by a federal pretrial detainee would be dispositive of pending federal charges, the detainee must exhaust such claims before filing a habeas petition).

Plaintiff also appears to seek damages against each defendant under *Bivens*. However, plaintiff cannot bring an official-capacity claim against these defendants because *Bivens* does not override the federal government's sovereign immunity, which prohibits suits against the United States, it agencies, or federal officers sued in their official capacities. *See Buford v. Runyon,* 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity"), *see also Phelps v. U.S. Federal Government,* 15 F.3d 735, 739 (8th Cir. 1994).

Plaintiff's individual-capacity claims against Judge Collins are based entirely upon action she took while performing a judicial function: presiding over plaintiff's October 17, 2019 initial appearance hearing. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). The principles of judicial immunity enunciated in the context of § 1983 actions are equally applicable in the context of a *Bivens* action. *See Brawer v. Horowitz,* 535 F.2d 830, 834 (3rd Cir. 1976). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It is clear from the allegations of the complaint that neither situation applies here.

Plaintiff's individual-capacity claims against Redd are based entirely on action he took while initiating and pursuing a criminal prosecution of plaintiff. Absolute immunity protects him from such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal

prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process").

Plaintiff has also named United States Attorney Jeffrey B. Jensen as a defendant. However, he does not allege that Jensen engaged in any conduct that violated his rights. He therefore fails to state a plausible claim for relief against him. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent plaintiff can be understood to proceed against Jensen under a *respondeat superior* theory, his claims fail. *See id.*

In the attached document, plaintiff asserts he is immune from prosecution under the UCC, and makes other statements often used by people who believe they are exempt from the jurisdiction of the courts. However, none of plaintiff's averments provide a basis for relief. Similar arguments have been summarily rejected as frivolous in the Eighth Circuit and in other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a "sovereign citizen"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

The Court has thoroughly reviewed and liberally construed the complaint and the attached document, and concludes this action is subject to dismissal as frivolous and/or for failure to state a claim upon which relief may be granted. The Court also concludes that the deficiencies cannot be overcome by amendment. The Court will therefore dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE